UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO VILLOLDO, et al., | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| FIDEL CASTRO RUIZ, et al., | : |
| Defendants, | : Civil Action No. 2:13-mc-00016 |
| v. | : |
| | : |
| PNC BANK, N.A., | : |
| Garnishee. | : |
| | : |
| PNC BANK, N.A., | : |
| Intervenor-Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ALDO VERA, JR., as Personal Representative of the | : |
| Estate of Aldo Vera, Sr., ALFREDO VILLOLDO, | : |
| individually, and GUSTAVO E. VILLOLDO, | : |
| individually, and as Administrator, Executor, and | : |
| Personal Representative of the ESTATE OF GUSTAVO | : |
| VILLILDO ARGILAGOS, and JEANNETTE | : |
| HAUSLER, as Successor Personal Representative of the | : |
| ESTATE OF ROBERT OTIS FULLER, et al., | : |
| Third Party Defendants. | : |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF ALDO VERA, JR.
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Third Party Defendant Aldo Vera, Jr. ("Vera") moved this Court pursuant to Rule

12(b)(2) of the Federal Rules of Civil Procedure to dismiss the Complaint for Declaratory

Judgment as to him for lack of personal jurisdiction. In the Declaratory Judgment Complaint,

diversity jurisdiction was the only basis alleged for jurisdiction. Vera showed conclusively that

he has no contacts with Pennsylvania such that this Court could exercise personal jurisdiction

over him consistent with due process.

In its Opposition Brief, PNC Bank, N.A. ("PNC") provides not one iota of support for personal jurisdiction over Vera in this forum, suggesting that its initial assertion of personal jurisdiction ran afoul of Rule 11 of the Federal Rules of Civil Procedure.   Abandoning its personal jurisdiction theory – but without amending its complaint -- PNC now claims that this Court possesses *in rem* jurisdiction.  This theory is equally flawed for the reasons which follow.

1.  Once the Court's Order of May 28 became final on June 28, the Court lost jurisdiction over the original action.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  This action was filed July 10, 2013, almost two weeks after this Court lost jurisdiction.

2.  *In rem* jurisdiction may not be a basis for jurisdiction when the property is not located in the State.  Jurisdiction is determined as of the date a complaint is filed.  *Minneapolis & St. L. R. Co. v. Peoria & P. U. Ry. Co.*, 270 U.S. 580, 586 (1926).  There is no allegation in the Complaint or claim made that the $2.3 million proceeds of the blocked Cuban account remained at PNC Bank or in Pennsylvania after the money was turned over to Villoldo, a Florida citizen and resident, in early June 2013.

3.  In *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F.Supp.2d 525, 539 (S.D.N.Y. 2010), the court premised *in rem* jurisdiction on the fact that the Cuban blocked accounts at issue were currently in New York.  In footnote 14 it stated "a court has in rem jurisdiction regardless of the ownership of the property at issue, *as long as the property in question is found within the court's territorial reach*."  (emphasis added)

4.  In *Shaffner v. Heitner*, 433 U.S. 186, 216-17 (1977), the Court held that *in rem* jurisdiction must satisfy due process and the minimum contacts requirements of *Int'l Shoe v.*

*Washington*, 326 U.S. 310 (1945).  Clearly Vera has no contacts with this State which could satisfy due process.

5.  Vera served a restraining order on PNC and later a turnover petition was filed against PNC in the Southern District of New York where PNC maintains a branch office.  Under New York law, *Koehler v. Bank of Bermuda, Ltd.*, 12 N.Y.3d 533 (2009), PNC was required to respond and turnover any blocked Cuban assets no matter where located in the United States.  As PNC points out, within the past two weeks the New York court "terminated" Vera's turnover petition against PNC "as academic", meaning without prejudice.  Vera has not initiated a new turnover against PNC.

## Conclusion

For all the foregoing reasons, this Court should dismiss the Third Party Complaint against Aldo Vera, Jr. for lack of personal or *in rem* jurisdiction.

October 14, 2013

Respectfully submitted,

/s/Robert A. Swift
Robert A. Swift, PA I.D. No. 17766
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

Attorney for Aldo Vera, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Third Party Defendant

Aldo Vera, Jr.'s Reply Memorandum in Support of Motion to Dismiss for Lack of Personal

Jurisdiction was served electronically via ECF upon the following counsel of record this 14th

day of October, 2013:

Jennifer M. Stanley
Thomas J. Farrell
Farrell & Reisinger, LLC
436 7th Avenue
200 Koppers Building
Pittsburg, PA 15219

Andrew C. Hall
Brandon R. Levitt
Hall, Lamb and Hall, P.A.
Offices at Grand Bay Plaza
2665 South Bayshore Drive, Penthouse 1
Miami, FL 33133

Attorneys for Gustavo Villoldo et al.

Jordan M. Webster
Buchanan Ingersoll & Rooney
301 Grant Street
One Oxford Centre, 20th Floor
Pittsburgh, PA 15219

Attorney for PNC Bank, NA

Robert A. Swift

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO,
individually, and as Administrator, Executor, and Personal
Representative of the ESTATE OF GUSTAVO VILLOLDO
ARGILAGOS,

                               Plaintiffs,

       v.

FIDEL CASTRO RUZ, as an individual, and as an official, employee, or
agent of The Republic of Cuba, RAUL CASTRO RUZ, as an individual,
and as an official, employee, or agent of the Republic of Cuba, THE
MINISTRY OF INTERIOR, an agency or instrumentality of The
Republic of Cuba, THE ARMY OF THE REPUBLIC OF CUBA, an
agency or instrumentality of The Republic of Cuba, and THE
REPUBLIC OF CUBA, a foreign state,

                            Defendants,

       v.

PNC BANK, N.A.,

                            Garnishee.

Civil Action No.
2:13-mc-00016

---

PNC BANK, N.A.,

                          Intervenor-Plaintiff,

       v.

ALDO VERA, JR., as Personal Representative of the Estate of Aldo
Vera, Sr., ALFREDO VILLOLDO, individually, and GUSTAVO E.
VILLOLDO, individually, and as Administrator, Executor, and Personal
Representative of the ESTATE OF GUSTAVO VILLOLDO
ARGILAGOS, and JEANNETTE HAUSLER, as Successor Personal
Representative of the ESTATE OF ROBERT OTIS FULLER, et al.,

                          Third Party Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION TO**
**MOTION OF THIRD PARTY DEFENDANT ALDO VERA, JR.**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

PNC Bank, National Association ("PNC") submits this Memorandum of Law in Opposition to the Motion of Third Party Defendant Aldo Vera, Jr. to Dismiss for Lack of Personal Jurisdiction.

## I.    INTRODUCTION

In his Motion to Dismiss and supporting Declaration, Defendant Aldo Vera, Jr. ("Vera") ignores one critical, dispositive fact: the instant dispute arises from Vera's claimed interest in property – a bank account held in the name of the ITT Cuban Telephone Company (the "ITT Account") – <u>located in the Western District of Pennsylvania</u>.   Because the ITT Account is located in this District, this Court has *in rem* jurisdiction over it and over any dispute related to it, and Vera's Motion should be denied.

## II.    FACTS

The three defendants in this declaratory judgment action obtained civil judgments under the federal Terrorism Risk Insurance Act of 2002 (28 U.S.C. § 1610) ("TRIA") from a Florida state court: Vera (May 2008), Alfredo Villoldo and Gustavo E. Villoldo (collectively, "Villoldo") (August 2011) and Jeannette Hausler ("Hausler") (January 2007).   (Doc. 31 at ¶ 11.) In all three matters the judgment debtors are the Republic of Cuba and its instrumentalities. (*Id.* at ¶ 12.)

PNC is a national banking association which for some time has held, as a disinterested custodian, funds "blocked" under the U.S. government's Cuban sanctions program enforced by the Office of Foreign Assets Control ("OFAC").   One such "blocked" account held by PNC was the ITT Account, which contained approximately US$2.3 million.   (*Id.* at ¶ 13.)

Upon information and belief, in or about December 2011, Vera's counsel in this action, Robert A. Swift, Esquire, directed a Freedom of Information Act ("FOIA") requested to the

United States Department of the Treasury; Attorney Swift's FOIA request sought, *inter alia*, the identification of both foreign and domestic banks with which the Republic of Cuba, including its agencies and instrumentalities, maintain accounts. By letter dated June 25, 2012, OFAC responded to Attorney Swift's FOIA request on behalf of the Treasury Department; in its letter, OFAC identified "PNC Bank, NA, 249 Fifth Avenue, Pittsburgh, PA 15222" as the name and address of one of the "banking institutions in the United States that have assets related to Cuba totaling $10,000 or more."[1]

Although his counsel had been advised by OFAC that PNC (a) held assets related to Cuba totaling at least $10,000, and (b) was located at 249 Fifth Avenue in Pittsburgh, Pennsylvania, in or about August 2012, Vera domesticated its Florida judgment with the U.S. District Court for the Southern District of New York ("SDNY") only. (*Id.* at ¶ 14.) Villoldo did the same in or about November 2012, but took the additional step of domesticating his Florida judgment with the U.S. District Court for the Western District of Pennsylvania ("WDPA") in early 2013. (*Id.*)

Both Vera and Villoldo served Questionnaires on PNC requesting information, under penalty of perjury, about assets that PNC might have in its possession implicating the Republic of Cuba or instrumentalities. PNC's responses to each Questionnaire were served on April 18, 2013, which responses identified the ITT Account. (*Id.* at ¶ 16.)

Villoldo served its Writ of Execution in the WDPA upon PNC in Pittsburgh on April 24, 2013. (*Id.* at ¶ 17.) Six days later, Vera served a Writ of Execution issued in the SDNY upon PNC in New York City. (*Id.*) Vera applied to the SDNY for a Turnover Order awarding it the

---

[1] Although OFAC's response to Attorney Swift's FOIA request is Exhibit A to the Declaration of Allen Molnar, Esquire, which is attached to PNC's Complaint, PNC attaches it as Exhibit 1 to this Memorandum for the Court's convenience.

ITT Account on May 7, 2013. (*Id.* at ¶ 18.) The Honorable Alvin K. Hellerstein of the SDNY heard oral argument on June 25 for various of Vera's turnover motions. On or about September 25, 2013, Judge Hellerstein denied those turnover motions as "academic;" according to Judge Hellerstein's order, Vera, Villoldo, and Hausler "have reached an agreement to divide among them whatever funds that they recover" from the banks that were the subject of those turnover motions. (*See* Exhibit 3, Doc. 323 of *Vera v. The Republic of Cuba,* currently pending in the United States District Court for the Southern District of New York at No. 12 Civ 1596.)

Villoldo applied to this Court for a Turnover Order on May 21, 2013. (*Id.* at ¶ 19.) Importantly, Vera (as well as Judge Hellerstein and PNC, as a disinterested garnishee) was notified of Villoldo's application. (*Id.*) Nevertheless, Vera did not appear in connection with Villoldo's turnover motion to this Court, and did not oppose it or object to it. (*Id.*) This Court's Turnover Order awarding Villoldo the ITT Account was entered on May 28, 2013, and directed PNC to effect disposition of that account no later than June 7, 2013 (the "May 28 Turnover Order"). (*Id.* at ¶ 20.) This Court provided Judge Hellerstein with a copy of the May 28 Turnover Order. (*Id.*) Vera has not appealed or otherwise challenged the May 28 Turnover Order, and the time for so doing has expired.[2] (*Id.* at ¶ 21.)

In compliance with this Court's entered and unchallenged May 28 Turnover Order, PNC transferred the funds in the ITT Account to the bank holding Villoldo's counsel's attorney trust

---

[2] Vera seems to suggest – without citation to legal authority – that this Court's May 28 Turnover Order and/or any declaration that this Court may enter in the instant action cannot be enforced outside this jurisdiction. (*See* Doc. 41 at n.2.) Vera's suggestion is both inapt and incorrect. First, the May 28 Turnover Order, as well as any declaration entered in this matter, will concern the disposition of funds located in this District by an entity in this District, and thus do not raise the issues of extraterritorial enforceability that Vera implies. Second, the applicable New York procedural rule, CPLR § 5222, contemplates this very result: that property that is the subject of the rule, such as the proceeds of the ITT Account, may be disposed of pursuant to court order.

account on June 7, 2013.  (*Id.* at ¶ 22.)  In writing, Vera has threatened a claim against PNC for complying with the May 28 Turnover Order.  (*Id.* at ¶ 23.)

In a transparent attempt to avoid having to answer for its failure to appear during the turnover proceedings, or to object to the May 28 Turnover Order, Vera, through his Motion, takes the remarkable position that this Court does not have jurisdiction over a dispute that arises from an Order of this Court requiring disposition of property located in this District.  Vera's Motion should be denied.

### III.   ARGUMENT

More than 15 months ago, OFAC advised Vera's counsel in writing that PNC – located in this District at 249 Fifth Avenue, Pittsburgh, Pennsylvania – was a banking institution that "had assets related to Cuba totaling $10,000 or more."  (Exhibit 1.)  Despite being so advised, Vera neither transferred his judgment to this District, nor objected to this Court's May 28 Turnover Order requiring PNC to distribute the contents of the ITT Account to Villoldo.

This Court has *in rem* jurisdiction over both blocked assets located within the Court's territorial reach, and disputes related to such assets.  *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 539 (S.D.N.Y. 2010) (holding, in a TRIA proceeding, that where blocked bank accounts were located within its territorial reach, the Court had *in rem* jurisdiction over both the accounts and "disputes arising out of those [accounts].")  More basically, Vera cannot reasonably claim an interest in property located in this District while simultaneously avoiding its jurisdiction.  *See Shaffer v. Heitner*, 433 U.S. 186, 207-08, 97 S. Ct. 2569, 2581, 53 L. Ed. 2d 683 (1977) ("when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction.  In such cases, the defendant's claim to property located in the

5

State would normally indicate that he expected to benefit from the State's protection of his interest") (citations omitted).

Because this declaratory judgment action involves a dispute arising out of the funds contained in the ITT Account, which account was held in this District, this Court has jurisdiction to settle the controversy between PNC and Vera.

## IV.   CONCLUSION

For the foregoing reasons, Intervenor-Plaintiff PNC Bank, N.A., respectfully requests that this Court enter an Order denying Defendant Aldo Vera, Jr.'s Motion to Dismiss for Lack of Personal Jurisdiction, and award such other relief as it deems appropriate.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: October 8, 2013

By: */s/ Jordan M. Webster*
    Gregory J. Krock
    PA I.D. No. 78308
    gregory.krock@bipc.com
    Jordan M. Webster
    PA I.D. No. 200715
    jordan.webster@bipc.com

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219–1410
(412) 562–8800

*Counsel for Intervenor-Plaintiff PNC Bank, N.A.*

6