IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO VILLOLDO, et al., <br>     Plaintiffs, <br><br> v. <br><br> FIDEL CASTRO RUIZ, et al., <br>     Defendants, <br><br> v. <br><br> PNC BANK, N.A., <br>     Garnishee. <br><br> PNC BANK, N.A., <br>     Intervenor-Plaintiff, <br><br> v. <br><br> ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, and JEANNETTE HAUSLER, as Successor Personal representative of the ESTATE OF ROBERT OTIS FULLER, et al., <br>     Third Party Defendants. | Civil Action No. 2:13-mc-00016 <br> Electronically Filed |

## Memorandum Opinion

### I. Introduction

Presently before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by Third Party Defendant Aldo Vera, Jr. ("Defendant"), seeking to dismiss the Complaint for Declaratory Judgment of Intervenor-Plaintiff PNC Bank ("Plaintiff") as it applies to Defendant. Doc. No. 40. For the following reasons, Defendant's motion to dismiss will be granted.

## II. Procedural History

In January 2013, Alfred Villoldo and Gustavo E. Villoldo ("Villoldo") registered a judgment obtained in the U.S. District Court for the Southern District of New York against the Republic of Cuba in this Court. Doc. No. 1. Villoldo proceeded to execute its judgment against a bank account owned by the ITT Cuban Telephone Company ("ITT Account") and held by Plaintiff as a disinterested custodian. Doc. No. 15. This Court ordered Plaintiff to turn over the ITT Account to Villoldo, and Plaintiff complied. Doc. No. 24; Doc. No. 29 at 4.

Contemporaneous with these proceedings, Villoldo and Defendant had been pursuing garnishment of the ITT Account in the Southern District of New York ("New York action"). After complying with this Court's order, Plaintiff intervened in the case and filed a Complaint for Declaratory Judgment in order to establish that it has no further liability to Villoldo, Defendant, or other parties pursuing garnishment of the ITT Account.[1] Doc. No. 28. Plaintiff claims that, after learning Plaintiff turned over the ITT Account to Villoldo, Defendant threatened to bring an action against Plaintiff for not complying with a "Restraining Notice and Information Subpoena" that Defendant served on Plaintiff in the New York action. Doc No. 29; Doc. No. 41. Defendant then moved to dismiss the action against him for lack of personal jurisdiction. Doc. No. 40.

---

[1] Defendant argues that this court lost subject matter jurisdiction over this case before Plaintiff intervened, though it is not moving to dismiss the case for this reason. Doc. No. 44 at 2, *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). The Court does not find that its May 28th order was a "final order" that served to close the case, particularly because a Notice and Motion were filed within the two weeks following that order, and the court subsequently issued another order on June 14th. Doc No. 25; Doc No. 26. Since Defendant is not moving to dismiss for lack of subject matter jurisdiction, a more detailed discussion of the inapplicability of *Kokkonen* to the present case is not warranted at this time.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to challenge a Court's exercise of personal jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). To meet its burden, Plaintiff must establish "[a] nexus between the defendant, the forum and the litigation." *Deutz AG*, 270 F.3d at 150.

"[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). Plaintiff need only to establish a *prima facie* case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.2004). A resolution of a factual issues may be required to establish personal jurisdiction under a 12(b)(2) motion and thus a party may introduce extrinsic evidence beyond the pleadings to do so. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

## IV. Discussion

Defendant argues that this Court lacks personal jurisdiction over him in this matter because he has had no contacts with Pennsylvania other than his employment of a Pennsylvania law firm to represent him in the New York action. Doc. No. 41 at 4. Plaintiff makes no assertion regarding the existence of any contact between Defendant and Pennsylvania, but instead argues that this Court has *in rem* jurisdiction over the matter, since it is a dispute related to blocked assets located (or which were once located) within the Court's territorial reach. Doc. No. 42 at 5.

Defendant avers that the Court lost its *in rem* jurisdiction over any claims relating to the ITT Account upon turning over the account to Villoldo, after which the property was presumably removed from this State, since Villoldo is a Florida resident. Doc. No. 44 at 2. Defendant further argues that, even if this Court could exercise *in rem* jurisdiction over a dispute related to the ITT Account, Plaintiff would still have to satisfy the minimum contacts requirements as set forth in *Shaffner v. Heitner*, which it cannot do. 433 U.S. 186 (1977). Doc No. 44 at 2–3.

Plaintiff offers no evidence to show that the ITT Account remains within the territorial reach of the Court; indeed, Plaintiff does not acknowledge that this fact is even in dispute. However, Plaintiff asserts that this Court may exercise *in rem* jurisdiction over "both blocked assets located within the Court's territorial reach, and disputes related to such assets." Doc. No. 43 at 5. By making no effort to show that the assets remain within the Commonwealth, Plaintiff impliedly argues that the Court may exercise jurisdiction over the matter solely because it "relate[s] to" assets that were, at one time,

within the Court's territorial reach. The Court finds that this connection is too weak to support jurisdiction over a Defendant who has no other contacts with the forum.

It is said that the "essential function of an action in rem is the determination of title to or the status of property located—physically or legally—within the court's jurisdiction." Fed. Prac. & Proc. Civ. § 1070 (3d ed.). In *Shaffer v. Heitner*, the United States Supreme Court ruled that, even when a property is currently located within a court's territorial reach, the standard for determining whether an exercise of *in rem* jurisdiction is consistent with the Due Process Clause is the same minimum contacts standard applicable to *in personam* jurisdiction. 433 U.S. 186, 207 (1977). The Supreme Court also recognized that, in most cases of *in rem* jurisdiction, "the presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation." *Id.* However, after *Shaffer*, it is clear that a property's presence alone, and especially a property's *former* presence, is insufficient to allow a Court to adjudicate the interests of all persons regarding that property.

It is not necessary to delineate the various contours of the minimum contacts test in detail, since it is undisputed that Defendant has no meaningful contacts with the State of Pennsylvania. The only purported connection relevant to the current controversy is the *former* location of the ITT Account in Pennsylvania, and even this fact is disputed by the Defendant, since the former account holder was located in New York. Doc. No. 41 at 2, note 1. Plaintiff cites to a case from another jurisdiction for the proposition that a court may exercise *in rem* jurisdiction over "disputes arising out of" ownership over a bank account within its territorial reach. Doc. No. 43 at 5, *citing Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 539 (S.D.N.Y. 2010). However, in *Hausler* the account

in question was located within the court's jurisdiction *at the time of the case*, so the use of the language "arising out of" has no bearing on the facts of the present case.

Plaintiff also argues that Defendant cannot reasonably object to jurisdiction at the same time that it claims an interest in the ITT Account. Doc. No. 42 at 5. Again, in *Shaffer v. Heitner*, the Supreme Court stated that a "defendant's claim to property located in the State would normally indicate that he expected to benefit from the State's protection of his interest," which would often be sufficient to satisfy the minimum contacts test. 433 U.S. at 207–208. However, this argument is flawed both because, as discussed above, the ITT Account no longer appears to be subject to the State's protection, and because Defendant is no longer making a claim related to the property, since the court in the New York action dismissed Defendant's claim against PNC on September 28, 2013.[2] Doc. No. 43, Exh. 3; Doc. No. 44 at 3. Since Defendant is not currently making a claim regarding this property, there is no basis to claim that Defendant expects to benefit from the protection of Pennsylvania law.

---

[2] The Court notes that, even if it were to find that it could exercise personal jurisdiction over Defendant in this matter, it is doubtful that Plaintiff has a justiciable claim against Defendant, given that Defendant's action was dismissed. *See*, e.g., *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Engineers, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (explicating the test necessary to determine ripeness in the declaratory judgment context).

## V. Conclusion

The only connection between Defendant and this jurisdiction is that Defendant, at one time, made a claim regarding property that was formerly located here, and this claim has since been dismissed. This connection is far too tenuous to satisfy the due process requirements of *Shaffer v. Heitner*. 433 U.S. 186 (2007). Therefore, Defendant's motion to dismiss will be granted and the case will be dismissed as to Defendant for lack of personal jurisdiction. An appropriate order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge
